IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALFREDA J. EASTER,                                                PLAINTIFF

v.                        Case No. 1:06-cv-1017

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Alfreda J. Easter, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability, disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**1. Procedural Background:**

Plaintiff filed for disability insurance benefits (DIB) under Title II of the Act and for supplemental security income benefits (SSI) under Title XVI of the Act on February 12, 2004, alleging disability since January 20, 2004, due to multiple knee surgeries, cervical disk surgery, and carpal tunnel syndrome of the left hand. (T. 49-51, 94, 288-291). Plaintiff's applications were denied initially and on reconsideration. (T. 26-29). At Plaintiff's request, a hearing before an ALJ was held

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

on July 20, 2005, at which Plaintiff was represented by counsel. The ALJ determined that Plaintiff was not disabled within the meaning of the Act through the date of his October 27, 2005 decision. (T. 16). On January 19, 2006, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. (T. 4-6). Plaintiff now seeks judicial review of the ALJ's decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appeals the decision of the Commissioner claiming she is disabled . She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski*; the ALJ did not appreciate the nature, extent and effect

of Plaintiff's impairments and did not properly consider them in combination; the Plaintiff does not have the residual functional capacity ("RFC") to perform light work; and the ALJ used an improper hypothetical to the vocational expert.

The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; the ALJ's RFC determination is supported by substantial evidence; and the ALJ asked a proper hypothetical of the vocational expert.

### A. Polaski Analysis

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credible. The Plaintiff also asserts the ALJ failed to properly apply and consider the *Polaski* factors. Specifically, the Plaintiff claims the ALJ failed to discuss the five elements of *Polaski*. The Defendant argues the ALJ's credibility determination is entitled to deference by this Court and there is substantial evidence in the record to support that determination.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors must be analyzed in light of the claimant's subjective complaints of pain and discomfort. These factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

When discounting a claimant's complaint, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  I find the ALJ did not make such analysis.

Plaintiff has a twenty (20) year work history which supports her credibility.  Plaintiff worked in housekeeping at Warner-Brown Hospital for ten years (T. 332); was a cook and cashier at Chick-A-Dilly for two years (T. 231); and worked approximately eight years at Prescolite as a forklift operator and assembly worker (T. 331).

As for the other factors of *Polaski*, the ALJ provided little in the way of analysis to support the decision.  On  January 20, 2004, Plaintiff underwent a C5-6 anterior cervical discectomy and fusion for spinal stenosis with partial corpectomies at C5 and C6. (T. 131).   Plaintiff continued to have complaints of pain in the months following surgery. (T. 130).  The fact that a  cervical MRI taken after the surgery showed no disc herniation is not evidence that the Plaintiff was free of pain in her neck area.

Plaintiff has had multiple knee problems including surgery to both knees. However, the ALJ never refers to this treatment in the decision.  The most recent surgery, to the left knee, was done by Dr. D'Orsay Bryant on June 20, 2003. (T. 165). The medical records reflect Dr. Bryant's ongoing treatment for  Plaintiff's knees from May 1, 2003 (T. 168) through May 6, 2004 (T. 154). The evidence reflects as follows: persistent severe knee pain - May 1, 2003 (T. 168); bilateral knee patellofemoral chondrosis with possible menscal tears (T. 168); persistent severe bilateral pain - June 1, 2003 (T. 167); surgery - June 20, 2003 (T. 165); knee injection - July 24, 2003 (T. 164); two deluxe donut knee braces - August 7, 2003 (T. 163); more effusion - aspirated left, bilateral knee

injection -  August 21, 2003 (T. 162); bilateral injection - September 15, 2003 (T. 161); bilateral knee pain, more difficulty with job - October 16, 2003 (T. 160).  I find this treatment should have been discussed, by the ALJ for a proper *Polaski* analysis of her claim.

Several of Plaintiff's physicians have diagnosed  Plaintiff with carpal tunnel syndrome, including Dr. D'Orsay Bryant, (T. 154), Dr. Shailesh Vora, (T. 129), and Dr. Scott Schlesinger. (T.136).  Dr. Vora has recommended surgery to Plaintiff's left hand. (T. 129).  This could be significant given Plaintiff is left-handed.  (T. 338).  As with the Plaintiff's knee problems, there is no discussion, by the ALJ, of Plaintiff's carpal tunnel syndrome as it relates to a *Polaski* analysis.

I also find the ALJ failed to properly explore the effect of Plaintiff's finances on her ability to obtain and assess treatment.  Plaintiff  has been laid off work since March 2004, (T. 334); has no insurance or medicaid, (T. 333); and is divorced and lives with her dad. (T. 333 & 334).  The failure to follow a prescribed course of treatment may be excused by Plaintiff's lack of funds. *See Tome v. Schweiker,* 724 F.2d 711,714 (8th Cir. 1984).  Likewise, medication or treatment an indigent person cannot afford is no more a cure for his or her  condition than if it had never been discovered. To a poor person, a medicine that he or she  cannot afford to buy does not exist. *See Dover v. Bowen*, 784 F.2d 335,337 (8th Cir. 1986);  *Benson v. Heckler*, 780 F.2d, 16,18 (8th Cir. 1985).  The ALJ should have considered and discussed Plaintiffs lack of financial means.

### B. RFC Determination

 The Plaintiff argues she does not have the residual functional capacity  to perform "light work".

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's

6

RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ determined that Plaintiff had the RFC for light work, including the ability to lift and carry 20 pounds occasionally and sit, stand, and walk 6 hours of an 8-hour workday, 2 hours without interruption. (T. 16). Based on the forgoing discussion, as it relates to the ALJ's review of the knee and carpal tunnel medical records, I find that the ALJ's determination of Plaintiff ability to perform "light work" is not supported by substantial evidence. On remand, the ALJ should consider and more fully discuss the Plaintiff's knee and carpal tunnel diagnoses and how they would effect the ability of the Plaintiff to perform "light duty".

### C. Nature, Extent and Effect of Plaintiff's Impairments

The Plaintiff argues the ALJ did not appreciate the nature, extent and effect of Plaintiff's impairments and did not properly consider them in combination. The Plaintiff argues the ALJ failed to consider the effects of morbid obesity, knee pain, and carpal tunnel syndrome in combination.

As it relates to Plaintiff's claims of obesity, the Commissioner properly noted that, obesity is an impairment, not a limitation. Being obese is a condition, and if a person experiences any restrictions due to the impairment, the restrictions are limitations. Further, Plaintiff's failure to allege obesity in her disability application or during her administrative hearing detracts from her argument that the ALJ erred by failing to address obesity in his decision. As such, I find no error in the ALJ's failure to consider the effects of Plaintiff's weight in his decision.

However, consistent with my discussion of the ALJ's need too more fully discuss and consider Plaintiff's knee and carpal tunnel issues as they relate to her impairment, I find that the ALJ should discuss and consider these issues as they effect the Plaintiff's impairments in combination with one another.

### D. Hypothetical Asked of the Vocational Expert

The Plaintiff argues the ALJ used an improper hypothetical to the vocational expert ("VE") in that the hypothetical did not encompass all relevant impairments. The Defendant argues The ALJ properly included in the hypothetical question only those impairments and the specific corresponding limitations that he accepted as true and were supported by the record.

Consistent with my earlier discussion in this opinion, on remand, the ALJ should pose a hypothetical to the VE that incorporates and makes reference to, the Plaintiff's problems with her

8

knees and carpal tunnel syndrome.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. This matter should be remanded to the ALJ to: (1) perform additional *Polaski* analysis by making reference to Plaintiff's knee pain, carpal tunnel syndrome and financial problems; (2) consider and discuss, in more depth, the Plaintiff's knee pain and carpal tunnel syndrome diagnoses and how they would effect the ability of the Plaintiff to perform "light duty"; (3) discuss and consider the effect of the Plaintiff's impairments in combination with one another; and (4) pose a hypothetical to the VE that incorporates and makes reference to, the Plaintiff's problems with her knees and carpal tunnel.

**ENTERED** this **23rd day of April, 2007.**

/s/ Barry A. Bryant
HON.  BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE